UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61031-DPG

WESTVIEW REALTY, CORP, et al.,

    Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiffs' Motion for Remand (the "Motion"). [ECF No. 4]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## BACKGROUND

As set forth in the Complaint, Plaintiffs' property (the "Insured Property") was insured by a policy issued by Defendant (the "Policy"). [ECF No. 1-2 ¶ 4]. On June 5, 2022, while the Policy was in effect, the Insured Property suffered a covered loss due to a weather-related occurrence. *Id.* ¶ 5. On September 27, 2022, Defendant denied payment of any insurance benefits to Plaintiffs for the loss. *Id.* ¶ 8.

On May 2, 2023, Plaintiffs filed a breach of contract action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. [ECF No. 1-2]. The Complaint generally states that damages exceed $50,000.00, exclusive of interest, costs, and attorney's fees. *Id.* ¶ 1. Defendant removed the action to federal court on June 1, 2023, based on diversity jurisdiction. To support its contention that damages

exceed the requisite $75,000 threshold for diversity jurisdiction, Defendant cites to two documents: Plaintiffs' adjuster's detailed damages estimate of $82,946.11[1], [ECF No. 1-4], and Plaintiffs' Notice of Intent to Litigate (the "Notice"), filed with the Florida Department of Financial Services on December 19, 2022, indicating damages in the amount of $82,946.00. [ECF No. 1-5]. Plaintiffs now move to remand arguing that, since the filing of the Complaint, they have determined that the Policy limits their damages such that the amount in controversy is below $75,000.00.

## LEGAL STANDARD

A defendant may remove a civil case filed in a state court to federal court if there is a federal question presented or if diversity jurisdiction is established. 28 U.S.C. § 1441(a). A district court has original jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and the parties are "citizens of different states[.]" 28 U.S.C. § 1332. Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)).

If there is a dispute regarding the amount in controversy, the burden rests on the Defendant to prove by a preponderance of the evidence the amount in controversy exceeds the jurisdictional threshold. *Id.* at 553-54 (citing 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence,

---

[1] One Public Adjuster prepared a detailed, 41-page damages report regarding Plaintiff's covered loss.

whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court must construe the removal statutes narrowly and resolve any doubt as to the existence of federal jurisdiction against removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), but it must be "equally vigilant" in protecting the right to proceed in federal court as it is in permitting a state court to retain its jurisdiction. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 766 (11th Cir. 2010).

## DISCUSSION

It is undisputed that Plaintiffs and Defendant are of diverse citizenship. The issue here is whether the amount-in-controversy exceeded $75,000 at the time of removal.

Jurisdictional facts supporting removal must be judged at the time of removal. *See Hannat v. USAA Gen. Indem. Co.*, No. 17-CV-21754, 2017 WL 4712667, at *2–3 (S.D. Fla. Oct. 19, 2017) ("The Eleventh Circuit has held that the amount in controversy must exceed $75,000 at the time of removal"). At the time of removal, the adjuster's detailed estimate and Plaintiffs' Notice both indicated that Plaintiffs' alleged damages were $82,496. Only *after* receiving the Notice of Removal did Plaintiffs allege that the Policy limited their damages to an amount below the jurisdictional threshold. Therefore, at the time of removal, the amount in controversy satisfied the jurisdictional threshold.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand [ECF No. 4] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of October, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE