UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61031-DPG

WESTVIEW REALTY, CORP, et al.,

    Plaintiffs,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Dismiss (the "Motion"). [ECF No. 3]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

## BACKGROUND

On May 2, 2023, Plaintiffs Westview Realty, Corp., Jose Vasquez, and Fulvio Rosa ("Plaintiffs") filed this action against Defendant Westchester Surplus Lines Insurance Company ("Defendant") alleging one count for breach of contract. [ECF No. 1-2].[1] As set forth in the Complaint, Plaintiffs' property (the "Insured Property") was insured by a policy issued by Defendant (the "Policy"). *Id.* ¶ 4. On June 5, 2022, while the Policy was in effect, the Insured Property suffered a covered loss due to a weather-related occurrence. *Id.* ¶ 5.

---

[1] Plaintiffs filed the action in the Seventeenth Judicial Circuit in and for Broward County, Florida. Defendant removed the action to this Court based on diversity jurisdiction. [ECF No. 1]. On October 6, 2023, the Court denied Plaintiff's Motion for Remand. [ECF No. 8].

On September 27, 2022, Defendant denied payment of any insurance benefits to Plaintiffs for the loss. *Id.* ¶ 8.

On June 8, 2023, Defendant moved to dismiss the Complaint, arguing Plaintiffs failed to adequately allege their claim. [ECF No. 3]. The Court agrees.

## **LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## DISCUSSION

The Court finds that Plaintiffs fail to adequately allege their claim for breach of the insurance policy. Plaintiffs generally allege that the Insured Property "sustained a covered loss due to a weather-related occurrence" causing "physical damage." [ECF No. 1-2 ¶ 5]. However, Plaintiffs fail to identify "the type of loss Plaintiff suffered, why it was covered under the Policy and under what specific sections, what obligations Defendant had under the Policy, how Defendant breached those obligations, and what specific damages Plaintiff has suffered." *Perez Cisneros v. Fed. Ins. Co.*, No. 1:19-cv-22273, 2019 WL 3407131, at *2 (S.D. Fla. June 25, 2019). *See also Rubio v. Scottsdale Ins. Co.*, No. 1:19-cv-22713, 2019 WL 7636669, at *2 (S.D. Fla. July 30, 2019) (finding a complaint is inadequately pled where the plaintiff "fail[s] to allege what particular harm befell the Property, what caused this harm, [and] how this harm constituted a 'covered loss' under the Policy …."). Indeed, "simply alleg[ing] that the property suffered a covered loss under the subject policy and that Defendant failed to pay Plaintiff the full amount of its damages from this loss" does not satisfy the requirements of Federal Rule of Civil Procedure 8(a). *Lido Bay Manor Ass'n, Inc. v. Chubb Custom Ins. Co.*, No. 20-cv-21600, 2020 WL 8413429, at *1 (S.D. Fla. Aug. 10, 2020). Accordingly, the Complaint shall be dismissed for failure to state a claim.[2]

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 3] is **GRANTED**.

---

[2] In addition, the Complaint sometimes refers to Plaintiffs and other times refers to Plaintiff. As a result, it is unclear whether all the named Plaintiffs own or have an interest in the Insured Property.

2. Plaintiffs shall file an amended complaint on or before November 2, 2023. Failure to comply with this Order shall result in dismissal of this action without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of October, 2023.

                                                                                                          _____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE